DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER RIPPLE,** as personal representative of the
**ESTATE OF RICHARD D. COUNTER,** deceased,
Appellant,

v.

**CBS CORPORATION, GENERAL ELECTRIC COMPANY,
THE GOODYEAR TIRE & RUBBER COMPANY,
JOHN CRANE INC.,** and **WARREN PUMPS, LLC,**
Appellees.

No. 4D2020-1939

[February 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE15-012497.

Mathew D. Gutierrez of The Ferraro Law Firm, P.A., Miami, for appellant.

Matthew J. Conigliaro of Carlton Fields, P.A., Tampa, for appellees.

*ON REMAND FROM THE SUPREME COURT OF FLORIDA*

PER CURIAM.

In *Ripple v. CBS Corp.*, 337 So. 3d 45 (Fla. 4th DCA 2022) ("*Ripple I*"), we affirmed the trial court's granting the defendants' motion for judgment on the pleadings on Jennifer Ripple's claim for damages under section 768.21(2) of the Florida Wrongful Death Act. *Id.* at 59. That provision allows a "surviving spouse" to recover "for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury." We held that a spouse who married the decedent after the onset of the injury that caused the decedent's death cannot recover damages as a "surviving spouse" under section 768.21(2). *Id.*

In *Ripple v. CBS Corp.*, 385 So. 3d 1021 (Fla. 2024) ("*Ripple II*"), the Supreme Court of Florida held that a spouse who married the decedent after the injury can recover damages as a "surviving spouse" under section 768.21(2). Thus, the Supreme Court quashed *Ripple I* to the extent

*Ripple I* determined otherwise, and held Jennifer Ripple can recover as a "surviving spouse" under section 768.21(2). *Id.* at 1024, 1030. The Supreme Court remanded for proceedings consistent with its opinion. *Id.* at 1030.

Pursuant to the Supreme Court's remand and mandate in *Ripple II*, we hold Jennifer Ripple can recover as a "surviving spouse" under section 768.21(2) of the Florida Wrongful Death Act. We therefore reverse the trial court's order granting the defendants' motion for judgment on the pleadings as to such claim. This reversal moots Ripple's alternative argument regarding the claim of the decedent's adult children for damages under section 768.21(3) of the Wrongful Death Act. We remand for proceedings consistent with this opinion.

*Reversed and remanded for proceedings consistent with this opinion.*

CIKLIN, GERBER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2